In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 25-2976

YVES AUBERT,

*Petitioner-Appellant,*

*v.*

LAURIE LEE POAST,

*Respondent-Appellee.*

---

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 3:24-cv-00926-jdp — **James D. Peterson**, *Chief Judge.*

---

ARGUED JANUARY 30, 2026 — DECIDED FEBRUARY 3, 2026

---

Before BRENNAN, *Chief Judge*, and ROVNER and HAMILTON, *Circuit Judges.*

PER CURIAM. Petitioner-Appellant Aubert shares two daughters with Respondent-Appellee Poast. Aubert has appealed the denial of his petition for the return of those daughters to Norway under the 1980 Hague Convention, known more formally as the Convention on the Civil Aspects of International Child Abduction. On January 30, 2026, this court heard oral argument in Appeal Nos. 25-2732 and

25-2976. Appeal No. 25-2732 challenges the denial of return on the merits. This court will issue a decision in that appeal in due course. In Appeal No. 25-2976, Aubert challenges the district court's denial of his request, filed after the first notice of appeal, to reinstate regular visitation with his daughters while the appeal is pending. We are told that Poast stopped allowing further visitation with Aubert after the district court's decision on the merits of the petition for return. We need not delay our decision on the denial of Aubert's request for interim visitation while Appeal No. 25-2732 remains pending.

The district court concluded that the filing of the first notice of appeal deprived it of jurisdiction to issue or modify what amounts to an injunction or a denial of an injunction pending appeal. We appreciate its caution toward maintaining clear boundaries between its jurisdiction and ours.

In fact, however, the district court retains jurisdiction to grant, continue, or modify such interim injunctive relief pending appeal. While an appeal is pending from an interlocutory order or a final judgment involving a request for an injunction, Federal Rule of Civil Procedure 62(d) permits a district court to "suspend, modify, restore, or grant an injunction on … terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). A party asking for such relief while an appeal is pending must move first in the district court itself. Fed. R. App. P. 8(a)(1)(C). These two rules work together to give the district court some power to manage equitable relief even while the case is pending on appeal. See *Eli Lilly and Co. v. Arla Foods, Inc.*, 893 F.3d 375, 381, 384 (7th Cir. 2018) (describing as "permissible procedure" district

court's grant of preliminary injunction and then, after it was appealed, modification of injunction to correct technical defects identified in appellate briefing); *United States v. Spectrum Brands, Inc.*, 924 F.3d 337, 346 (7th Cir. 2019) (district court modified terms of permanent injunction pending on appeal, in part to specify remedial measures "consistent with the spirit of its original permanent injunction"); *MillerCoors LLC v. Anheuser-Busch Cos.*, 940 F.3d 922, 923 (7th Cir. 2019) (recognizing that district court could, consistent with Rule 62, grant relief to "secure the opposing party's rights," which is different from "a blanket grant of permission to impose new obligations, and substantially alter the issues, while appeals are pending"). Reinstating interim visitation would not interfere with or undermine this court's consideration of the lead appeal on the merits of Aubert's petition for return of the children to Norway.

We see nothing in the statutes implementing the Hague Convention in the United States, 22 U.S.C. § 9001 et seq., that would interfere with the ordinary operation of Rules 62(d) and 8(a) in cases involving the Hague Convention. Section 9004(a) grants courts exercising jurisdiction under the statutes and convention the power to issue provisional remedies "before the final disposition of the petition." Such power may be exercised to further the purposes of the Convention, including to protect the well-being of the children involved. The district court's decision denying Aubert's petition is pending before this court, so there has been no "final disposition" in this case. Accordingly, the district court presently has jurisdiction pertaining to grant such provisional remedies under 22 U.S.C. § 9004, including interim visitation rights.

The contrary position, taken by Poast, is not supported by the applicable statutes or rules. It would also produce an improbable and perverse effect under the Hague Convention and federal statutes. It would leave a district court powerless to take important action in the best interests of the affected children while appellate processes go forward at a pace beyond the control of the parties, the district court, or the children themselves.

Accordingly, the district court's order denying Aubert's request for continued visitation rights while the lead appeal on the merits is pending is REVERSED. Our mandate shall issue immediately. The district court may immediately exercise jurisdiction over Aubert's motion for interim visitation and/or a renewed motion to that effect.